IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JAMES BRUMFIELD**                                                                                      **PETITIONER**

**v.**                                                                       **CIVIL ACTION NO.: 2:21-cv-92-TBM-MTP**

**SUPERINTENDENT MARC MCCLURE**                                                         **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [14]. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Motion to Dismiss [14] be granted and that the Petition [1] be DISMISSED without prejudice.

## PROCEDURAL HISTORY

On February 13, 2017, Brumfield pled guilty to two felony counts of fleeing from law enforcement and one count of misdemeanor child neglect in Walthall County Circuit Court. *See* [14-1]. On the same day, he also pled guilty to one felony count of possession of stolen property. *See* [14-2]. Brumfield's sentences included a term of probation.

On October 2, 2017, Brumfield was released on parole. *See* [14-3]. Less than a year later, the MDOC issued an arrest warrant for Brumfield for violating the terms of his parole on the possession of stolen property offense. The warrant states: "On 6/11/18 offender stabbed two individuals and ran away." *See* [14-4]. On June 12, 2019, Brumfield was indicted by the Marion County Circuit Court for the 2018 crime. *See* [14-5]. He was arrested on July 3, 2019. *See* [14-6]. The MDOC withdrew its arrest warrant for the parole violation a few days later and issued a warrant for a probation violation on July 8, 2019. *See* [14-7] [14-8].

On May 10, 2021, Brumfield pled guilty to the 2018 aggravated assault. *See* [14-11]. The Marion County Circuit Court sentenced Brumfield to twenty years, with fifteen to serve in the custody of the MDOC, and five years to serve on post-release supervision. *See* [14-12].

Brumfield is currently serving his fifteen-year sentence for aggravated assault at George County Regional Correctional Facility.[1] On July 6, 2021, Brumfield filed the instant Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 arguing that he is being held in custody without a preliminary or probation revocation hearing in violation of Mississippi Code Annotated 47-7-37(3). *See* [1] at 5, 7-8; [9]. As relief, Brumfield seeks to have his post-release supervision related to his prior felonies reinstated or terminated. *See* [6] at 2; [9].

On January 20, 2020, prior to filing the instant Petition [1], Brumfield filed a post-conviction relief motion in the Walthall County Circuit Court arguing the same grounds for relief. *See* [16-1] at 2. The circuit judge denied the motion, and Brumfield appealed the decision to the Supreme Court of Mississippi who assigned the case to the Court of Appeals. *Id*.

While the post-conviction relief motion was pending before the Court of Appeals, Respondent moved to dismiss this matter. *See* Motion to Dismiss [14]. The Court of Appeals of Mississippi has since issued its opinion affirming the circuit court's denial of Brumfield's post-conviction relief motion. *See Brumfield v. State*, 341 So. 3d 1048 (Miss. Ct. App. 2022); [16-1] at 3. Brumfield did not seek rehearing or certiorari review.

On September 16, 2022, Respondent filed a Supplement to the Motion to Dismiss [16], arguing that Brumfield's Petition [1] should be dismissed with prejudice as procedurally defaulted, or alternatively, without prejudice as unexhausted. *See* [16] at 7. Brumfield did not file

---

[1] *See* https://www.ms.gov/mdoc/inmate/Search/GetDetails/208233 (last visited Nov. 28, 2022).

a response to the Motion to Dismiss [14] or Supplement [16], and the time to do so has expired. This matter is now ripe for review.

## ANALYSIS

The authority of federal courts to issue habeas corpus relief to state prisoners is governed by 28 U.S.C. § 2254 which provides in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the state remedies available in the courts of the States; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the appellant.
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Moreover, state prisoners must give state courts the opportunity to resolve issues by "invoking one complete round of the State's established appellate review process." *Id.* at 845.

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion doctrine exists "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Federal courts apply the doctrine of comity which defers action on causes within its

jurisdiction until other sovereign courts with concurrent powers have had an opportunity to decide upon the cause. *Id.*

Brumfield presented the claims in his Petition [1] to the Court of Appeals in his post-conviction relief motion, but he did not move for a rehearing or petition for writ of certiorari or otherwise invoke one "complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 848*;* Miss. R. App. P. 40; Miss. R. App. P. 17(a). Accordingly, Brumfield has not "fairly presented" his claims to the Mississippi Supreme Court in a procedurally proper manner. *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). As Petitioner has failed to fulfill the exhaustion requirement of 28 U.S.C. § 2254(b)(1), his claims must be dismissed. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997) ("A habeas petitioner who 'has failed to exhaust all of the postconviction claims he now seeks to raise … has asserted no cognizable right to federal relief under § 2254.'").

Respondent further maintains that this Petition should be dismissed with prejudice as Brumfield has procedurally defaulted his claims for purposes of federal habeas review. The undersigned, however, recommends that the dismissal be without prejudice as the probation revocation matter apparently is still pending. *See Brumfield*, 341 So.3d at 1050-51; [16-1] at 3. Based on the current record, it is not clear whether Brumfield is foreclosed from seeking other relief in state court. Accordingly, the undersigned recommends that the dismissal be without prejudice.[2]

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that:

---

[2] In its June 24, 2022 opinion, the Mississippi Court of Appeals noted that the deadline for holding a probation revocation hearing had not yet been triggered as Brumfield was in custody on charges unrelated to his probation violation. *See Brumfield*, 341 So.3d at 1051; [16-1] at 3.

1. Respondent's Motion to Dismiss [14] be GRANTED and
2. The Petition [1] be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 29th day of November, 2022.

                                                                           s/Michael T. Parker
                                                                           UNITED STATES MAGISTRATE JUDGE