IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JAMES BRUMFIELD, #208233**                                                                                    **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 2:21-cv-92-TBM-MTP**

**SUPERINTENDENT MARC McCLURE**                                                                **DEFENDANT**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

James Brumfield, an inmate at George County Regional Correctional Facility, seeks federal habeas corpus relief under 28 U.S.C. § 2254. In his Petition [1], Brumfield challenges the sentences—and related revocation proceedings—for three felony convictions entered by the Circuit Court of Walthall County, Mississippi. Brumfield specifically argues that he is being held in custody without a preliminary hearing or probation revocation hearing in violation of Mississippi Code § 47-7-37(3). [1], pp. 5, 7-8; [9]. Although Brumfield appealed the claims in his Petition [1] to the Mississippi Court of Appeals, which denied his request for relief, Brumfield did not seek rehearing or certiorari review. Accordingly, United States Magistrate Judge Michael T. Parker recommends granting the Defendant's Motion to Dismiss [14] and dismissing Brumfield's Petition [1] without prejudice for failure to satisfy the exhaustion requirement as set forth in 28 U.S.C. § 2245(b)(1)(A). [17]. The Court finds that the Report and Recommendation [17] should be adopted and Brumfield's Objection [18] should be overruled.

It is well-settled that "parties filing objections must specifically identify those findings objected to." *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record that has been developed before the

Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). The Court need not consider frivolous, conclusive, or general objections. *Johansson*, 2015 WL 5089782, *2 (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). Additionally, "[m]erely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive *de novo* review[.]" *Id*. When a *de novo* review is not warranted, the Court need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Here, Brumfield does not object to the Report and Recommendation that the Defendant's Motion to Dismiss be granted or that this action be dismissed for failure to exhaust his state court remedies. In fact, Brumfield concedes that he did not file a motion for rehearing or a petition for writ of certiorari.[1] [18], pg. 4. Through his Objection, Brumfield merely reasserts the allegations contained within his Petition regarding his parole and probation statuses on his Walthall County sentences and the state law time limitations to revoke that parole and probation.[2] But the merits of Brumfield's arguments were not addressed within the Report and Recommendation because Judge Parker found that Brumfield failed to exhaust his state court remedies. [17], pp. 3-4. Accordingly,

---

[1] Brumfield explains that "he did not move for rehearing on his post conviction relief motion in the court of appeals nor petition for writ of certiorari or invoke one complete round of the state's established appellate review process" because he "lack[s] the education to do so." [18], pg. 4. Although the Court may, in some instances, stay the case and hold it in abeyance until Brumfield has exhausted state remedies, Brumfield has not requested such a stay. *See Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). Accordingly, the Court need not determine whether such a stay is appropriate in this case. *See Humphrey v. Brewer*, No. 2:10-cv-37-NBB, 2011 WL 1467363, at * 2 (N.D. Miss. Apr. 18, 2011).

[2] In his Objection, Brumfield also asks for the first time that this Court appoint him counsel due to his 7th grade education. [18], pg. 4. 18 U.S.C. § 3006A(a)(2)(B). However, Brumfield has not shown that the interests of justice require the appointment of counsel at this late stage in the proceedings. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief" under § 2254.). Indeed, the issues presented in the Objection are straightforward, can be readily resolved, and introduction of new counsel would not change the outcome but instead would delay the proceedings. Brumfield's request to appoint counsel is denied.

Brumfield's Objection is not related to a specific finding within the Report and Recommendation, and the Court finds that his Objection does not merit a *de novo* review of the Report and Recommendation.

Having reviewed the Report and Recommendation for clear error, and finding none, the Court is satisfied that Judge Parker has undertaken an extensive examination of the issues in this case and has issued a thorough opinion.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Brumfield's Objection [18] to the Report and Recommendation is OVERRULED.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Report and Recommendation [17] entered by United States Magistrate Judge Michael T. Parker on November 29, 2022, is ADOPTED as the opinion of the Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss [14] is GRANTED.

**IT IS FURTHER ORDERED AND ADJUDGED** that this CASE is DISMISSED WITHOUT PREJUDICE.

This, the 3rd day of March, 2023.

                                          **TAYLOR B. McNEEL**
                                          **UNITED STATES DISTRICT JUDGE**